IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Plaintiff,

      vs.                                      No. 1:22-cv-00545-KWR-LF

RNS AUTO SERVICES, LLC,
SAM MONTOYA, *individually and as owner*
*And principal of RNS Auto Services, LLC,*
MIKE KOTA, GLYNN PATRICK AGUILAR,
A-QUALITY AUTO SALES, INC.,
FELICIA RICHESIN, *individually and as owner*
*Of A-Quality Auto Sales, Inc.,* and SHAWN RICHESIN,


      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Court upon Defendants' Motion to Dismiss **(Doc. 17)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' Motion to Dismiss is **NOT WELL-TAKEN** and, therefore, is **DENIED.**

### BACKGROUND

This is an insurance coverage dispute between an insurer, and third-party claimants and the insured. The third-party claimants (the Richesins) obtained an assignment of benefits from the insured, Sam Montoya and his business RNS Auto Services, LLC ("RNS Auto").

In the underlying state court case, Felicia Richesin and Shawn Richesin sued various parties, including Travelers, the tortfeasor, and Travelers' insured, Sam Montoya and RNS Auto. *Felicia Richesin et al v. State of New Mexico et al,* D-202-cv-2018-00567 consolidated with D-101-CV-2016-02941 ("State Court" action). In that action, the Richesins sought in part

declaratory judgment against Travelers.   The declaratory action count against Travelers was

dismissed for lack of standing.  The state court action remains pending against other parties.  The

Richesins state that it will go to an evidentiary hearing on damages.

Defendants Felicia Richesin and Shawn Richesin were injured following a motor vehicle

collision.  They assert they took a vehicle to RNS Auto for repairs.  They allege that the repairs

were faulty, and the car experienced engine trouble on a freeway, causing them to pull over.  A

car collided with their stopped vehicle, causing severe injuries.  They sued RNS Auto its insurer

Travelers, the tortfeasor, and a number of other parties, in a state proceeding.  Plaintiff Travelers

insured Sam Montoya and RNS Auto, and seeks a declaration that the applicable coverage limit

is the $500,000 per occurrence limit, and not the aggregate limit of $1,000,000.

## DISCUSSION

In their Motion to Dismiss, Defendants request the Court decline to exercise jurisdiction

over this state law insurance coverage case under the Declaratory Judgment Act.

## I.      The Court will apply the *Brillhart/Mhoon* abstention doctrine.

The Declaratory Judgment Act vests federal courts with power and competence to issue a

declaration of rights.  28 U.S.C. § 2201.  The Declaratory Judgment Act provides in relevant part

that:

> In a case of actual controversy within its jurisdiction . . . any court of the United
> States . . . may declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

The question of whether this power should be exercised in a particular case is vested in

the sound discretion of the district courts.  *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d

1167, 1168 (10th Cir. 1995).  It is common for an insurer to seek declaratory judgment "against

their insureds to determine the extent of coverage. Frequently such suits are filed as stand-alone

actions rather than cross-claims." *Gallegos v. Nevada Gen. Ins. Co.*, 248 P.3d 912, 914 (N.M. Ct. App. 2011).

The discretionary standard under *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942) governs a district court's decision to stay a declaratory judgment during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). District courts are "under no compulsion to exercise . . . jurisdiction" under the Declaratory Judgment Act, as "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942). This Court must consider whether the questions in controversy between the parties to this federal lawsuit "can better be settled in the proceeding pending in the state court." *Id.*; *see also Wilton v. Seven Falls Co*., 515 U.S. 277, 283 (1995); *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) (*Brillhart* standard applies when determining whether to abstain from action for declaratory relief).

In deciding whether to hear a declaratory judgment action, a district court may consider various factors, including:

> (1) whether a declaratory action would settle the controversy;
> (2) whether it would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
> (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

(the "*Mhoon* factors"); *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)).

No one factor is dispositive. *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).

**II.      Analysis of *Mhoon* Factors.**

      A.      First and Second *Mhoon* Factors.

The first two factors are (1) whether a declaratory action would settle the controversy; and (2) whether it would serve a useful purpose in clarifying the legal relations at issue.  Here, the Court concludes that these factors weigh in favor of exercising jurisdiction, as this declaratory judgment action would settle this narrow coverage dispute between the parties, and it would serve a useful purpose of clarifying the legal relations at issue.  There is no parallel, pending state court action where the coverage issues identified in this case could be resolved.  Moreover, there are no relevant factual issues which need to be resolved in the pending state court proceeding.

"[T]he likelihood a declaratory judgment will resolve the immediate dispute between the parties may tip the scales in favor of exercising jurisdiction[,] ... [while] the existence of outstanding claims in a parallel state court action may counsel a different conclusion." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012).  "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (internal quotation marks and citations omitted).  "However, jurisdiction should not be refused merely because another remedy is available. Rather, the court must decide whether the controversy can better be settled in a pending action, i.e., whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve

no useful purpose. Relevant considerations include the scope of the pending action, the nature of the available defenses in the action, whether all parties' claims can satisfactorily be adjudicated in that proceeding, and whether necessary parties have been joined." *Id.* (quotation marks and citations omitted).

This declaratory judgment action would settle a narrow coverage dispute between the parties. The Defendants assert that this action concerns a narrow issue, and would not fully resolve the coverage dispute between the parties. The Richesins vaguely assert that they may, in the future, file a declaratory judgment action regarding coverage, or assert other claims, but they have not filed that suit yet or shown that they will do so shortly. At this time, any future case is speculative. This action would settle the narrow issue presented in the complaint.

Moreover, there is no pending, parallel state court action where Plaintiff's coverage issues could be resolved. The pending state court case does not involve the coverage issues in this case, or involve factual issues necessary to resolve the coverage issues in this case. Plaintiff attempted to intervene in that case, but Defendants Felicia and Shawn Richesin opposed intervention. *See United States v. City of Las Cruces*, 289 F.3d 1170, 1188–89 (10th Cir. 2002) (court may consider possibility of intervention in existing state court proceeding); *see also ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (district court abused discretion in dismissing federal case where state court case had been dismissed).

If the Court dismissed this federal action, Plaintiff would not be able to resolve its legal issue and would not have an avenue for relief. Defendants asserts they may file a declaratory judgment action in the future, along with other claims, but they have not described such action with specificity or stated when they would file it. Therefore, any future filing appears to be

speculative. The Court concludes there is no parallel, pending state court action which could resolve the coverage issue in this case.

Defendants appear to assert that the issue asserted by Plaintiff is not the real dispute between the parties. But Defendants have not described their asserted coverage issues in detail, or as noted above, that their case has been filed or will be filed.

Defendants have not identified any factual issues in the state court proceeding which would bear on the resolution of the coverage issue in this case. *See Kunkel v. Cont'l Cas. Co.,* 866 F.2d 1269, 1276 (10th Cir. 1989) ("a district court 'should not entertain a declaratory judgment action over which it has jurisdiction if the fact-dependent issues are likely to be decided in another pending proceeding' "). Defendants assert that the state court may or may not award damages in excess of $500,000, and therefore this coverage issue is not "live." But Defendants do not dispute that they have requested more than the $500,000 per occurrence limit, therefore there is a controversy. Neither party has identified any other factual dispute which the state court would need to rule on to determine coverage.

Therefore, the Court concludes that (1) this action would settle a coverage controversy between the parties; and (2) it would serve a useful purpose in clarifying the legal relations at issue. Factors 1 and 2 therefore weigh in favor of exercising jurisdiction.

B.      Third *Mhoon* Factor: Procedural Fencing

The third factor concerns whether the declaratory remedy is being used for the purpose of "procedural fencing" or to "provide an arena for a race to res judicata." The Court concludes that Plaintiff is not engaging in procedural fencing or attempting to race to res judicata, therefore this factor weighs in favor of exercising jurisdiction.

Plaintiff is not using this proceeding for procedural fencing.   Although Plaintiff was initially named in the original state court suit, at the time the Richesins did not have standing to assert claims, and were dismissed by the state court.   Defendants have not explained why that state court ruling was wrong.   When the Richesins obtained an assignment of benefits from the insured, Travelers attempted to intervene, but its intervention was opposed by the Richesins. Travelers subsequently filed this suit.   The Court finds that there is no indication that Travelers is engaging in procedural fencing.   Moreover, neither party has argued that this case would result in a "race to res judicata", and they appear to assume that the Richesins can assert their claims involving other parties in a separate case.

C.       Fourth and Fifth *Mhoon* Factors

The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

The fourth *Mhoon* factor weighs in favor of exercising jurisdiction.   "This question involves a consideration of whether the matters being heard in the state court action are essential to a determination of the collateral federal action, or whether the issue being raised in the federal declaratory action involves no matter—factual or legal—at issue in the state case." *Spirit Com. Auto Risk Retention Grp. v. GNB Trucking, Inc.*, No. 1:17-CV-00842 WJ/SCY, 2017 WL 5468670, at *2 (D.N.M. Nov. 14, 2017).

There is no indication by the parties that the issues in state court case overlap with the insurance coverage issues in this case. *United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, No. 11-CV-0329-CVE-TLW, 2012 WL 208104, at *5 (N.D. Okla. Jan. 24, 2012) (finding that the *Mhoon* factors did not support declining jurisdiction because "[the] case [did] not present

any substantial factual or legal issue ... litigated in the state court lawsuit."); *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1234 (D.N.M. 2018) (finding no unnecessary friction between state and federal courts when the district court suit addressed "interpretation ... in the liability policies" and the related state court suit addressed a violation of a city ordinance.); *Nationwide Mutual Insurance Company v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1229 (D.N.M. 2015) (Browning, J.) (friction may exist with state courts where the same issues and parties are pending before the state court).  The Court finds that exercising jurisdiction in this case would not increase friction with the state courts.  Travelers is not a party to the state court suit, and there are no coverage issues in the state court proceeding.  Moreover, the parties have not identified any factual issues pending in the state court which bear on this coverage dispute.

Finally, there is no better or more effective remedy available to the parties.  The coverage issues in this declaratory action cannot be decided in the pending state court case.  The Richesins opposed Plaintiff's attempt to intervene in that case. As noted above, although Defendants have vaguely referenced that they *may* file their own declaratory judgment action in the future in state court, Defendants have not presented the Court with any specific factual detail or shown that such action will be filed soon.  Therefore, there does not appear to be a more effective remedy pending in state court.

Therefore, the Court concludes that this declaratory action would neither increase friction between federal and state courts nor improperly encroach upon state jurisdiction.  The fourth *Mhoon* factor weighs in favor of exercising jurisdiction.  Moreover, there is no better or more effective remedy available to the parties.

### CONCLUSION

Together, the *Mhoon* factors weigh in favor of exercising jurisdiction.  The Court will exercise jurisdiction over this declaration judgment action.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss (**Doc. 17**) is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**