IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Plaintiff,

      vs.                                                                       No. 1:22-cv-00545-KWR-LF

RNS AUTO SERVICES, LLC,
SAM MONTOYA, *individually and as owner*
*And principal of RNS Auto Services, LLC,*
MIKE KOTA, GLYNN PATRICK AGUILAR,
A-QUALITY AUTO SALES, INC.,
FELICIA RICHESIN, *individually and as owner*
*Of A-Quality Auto Sales, Inc.,* and SHAWN RICHESIN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Court upon Plaintiff's Motion for Summary Judgment **(Doc. 28)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion for Summary Judgment is **WELL-TAKEN** and, therefore, is **GRANTED.** A separate judgment closing this case will be entered.

Plaintiff moved for summary judgment, requesting that the Court declare that the February 2, 2016 accident in which Felicia Richesin was injured "is a single occurrence and the Montoya RNS Policy liability coverage limit for [that] accident is $500,000." Doc. 1 at 9. Defendants responded and did not dispute that the February 2, 2016 accident from which the State Court Complaint arose constitutes a single occurrence, but requested discovery for potential future claims they may assert in other cases. However, Defendants do not show how that discovery would create a genuine dispute of material fact as to this motion. Therefore, the

Court will (1) grant Plaintiff's Motion for Summary Judgment, to the extent it seeks a declaration that the February 2, 2016 accident in which Felicia Richesin was injured "is a single occurrence and the Montoya RNS Policy liability coverage limit for [that] accident is $500,000" (Doc. 1 at 9); and (2) deny Defendants' request for discovery under Fed. R. Civ. P. 56(d), as they have not shown that the discovery would create a genuine dispute of material fact.

## BACKGROUND

This is an insurance coverage dispute between an insurer, third-party claimants, and the insured. The third-party claimants (the Richesins) obtained an assignment of benefits from the insured, Sam Montoya and his business RNS Auto Services, LLC ("RNS Auto").

In the underlying state court case, Felicia Richesin and Shawn Richesin sued various parties, including Travelers, the tortfeasor, and Travelers' insured, Sam Montoya and RNS Auto. *Felicia Richesin et al v. State of New Mexico et al,* D-202-cv-2018-00567 consolidated with D-101-CV-2016-02941 (the "State Court action").

Defendants Felicia Richesin and Shawn Richesin were injured following a motor vehicle collision. They assert they took a vehicle to RNS Auto for repairs. They allege that the repairs were faulty, and the car experienced engine trouble on a freeway, causing them to pull over. A car collided with their stopped vehicle, causing severe injuries. They sued RNS Auto, its insurer Travelers, the tortfeasor, and a number of other parties, in the State Court action. Plaintiff Travelers insured Sam Montoya and RNS Auto, and seeks a declaration that the applicable coverage limit is the $500,000 per occurrence limit, and not the aggregate limit of $1,000,000.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996). To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Branson v. Price River Coal Co*., 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

"A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).

When making this determination, the Court keeps two principles in mind. First, while the Court must draw all "reasonable inferences … in the light most favorable to the non-moving party," *id*. at 1261, that party's "version of the facts must find support in the record," *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). Second, the Court's role is not to weigh the evidence or decide any issues of credibility, but to assess the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249, 255.

## UNDISPUTED FACTS

Defendants stated that they do not dispute Plaintiff's assertions of material facts, which appear below. *See* Doc. 29 at 5-6.

3

The Montoya RNS Policy declarations set forth the following liability Coverages and Limits of Insurance:

```
BUSINESSOWNERS COVERAGE PART DECLARATIONS
GARAGE PAC                                    POLICY NO.: 680-7775P696-15-42
                                              ISSUE DATE: 04/17/2015
INSURING COMPANY:
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

POLICY PERIOD:
From 05-28-15 to 05-28-16 12:01 A.M. Standard Time at your mailing address

FORM OF BUSINESS:   INDIVIDUAL

COVERAGES AND LIMITS OF INSURANCE:  Insurance applies only to an item for which a
"limit" or the word "included" is shown.


                    COMMERCIAL GENERAL LIABILITY COVERAGE
OCCURRENCE FORM                                          LIMITS OF INSURANCE
General Aggregate (except Products-Completed Operations Limit)    $    1,000,000
Products-completed Operations Aggregate Limit            $    1,000,000
Personal and Advertising Injury Limit                    $      500,000
Each Occurrence Limit                                    $      500,000
Damage to Premises Rented to You                         $      300,000
Medical Payments Limit (any one person)                  $        1,000
```

Doc. 28, UMF 1; Doc. 29 at 5 (undisputed). The Montoya RNS Policy provides, in relevant part:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
        (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

Doc. 28 at 5, UMF 2; Doc. 29 at 5 (undisputed). The Montoya RNS Policy defines "Occurrence" as "an accident, including continuous or repeated exposure to substantially the

same general harmful conditions." Doc. 28 at 5, UMF 3, *citing* Doc. 1-1 at 142; Doc. 29 at 5 (undisputed).

The State Court Complaint arises from a single occurrence, *i.e*, the February 2, 2016 accident. Doc. 28 at 6, UMF 4, *citing* State Court Complaint, Doc. No. 24-1; Doc. 29 at 6 (undisputed). Section III- Limits of Insurance in the Montoya RNS Policy provides, in relevant part:

**SECTION III – LIMITS OF INSURANCE**

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will regardless of the number of:
   a. Insureds;
   b. Claims made or "suits" brought; or
   c. Persons or organizations making claims or bringing "suits".
2. The General Aggregate Limit is the most we will pay for the sum of:
   a. Medical expenses under Coverage **C**;
   b. Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and
   c. Damages under Coverage **B**.
3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".
4. Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.
5. Subject to **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:
   a. Damages under Coverage **A**; and
   b. Medical expenses under Coverage **C**

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

Doc. 28 at 6, UMF 5, citing Montoya RNS Policy, Doc. 1-1 at 138; Doc. 29 at 6 (undisputed).

**DISCUSSION**

I.    **Plaintiff's request for declaratory relief is well taken.**

Plaintiff moves for summary judgment, seeking a declaration that under the policy language the February 2, 2016 accident in which Felicia Richesin was injured "is a single occurrence and the Montoya RNS Policy liability coverage limit for [that] accident is $500,000" Doc. 1 at 9.

Defendants do not dispute that the plain language of the policy provides that the accident at issue in the State Court action falls under the $500,000 Each Occurrence Limit of the policy. *See* Doc. 29 at 6, 8-9. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." UMF 3. Defendants do not dispute that the State Court Complaint arises from a single occurrence, i.e., the February 2, 2016 accident. UMF 4; Doc. 29 at 6. In their response, Defendants do not argue how the $1,000,000 aggregate coverage limit, rather than the $500,000 Each Occurrence Limit, applies here. Therefore, the Court finds there is no genuine dispute of material fact that the February 2, 2016 accident was a single occurrence under the Policy and falls under the $500,000 Each Occurrence Limit.

Defendants argue that the summary judgment motion seeks an advisory opinion. As the Court addressed in its order on Defendants' Motion to Dismiss, Plaintiff is not seeking an advisory opinion. *See* Doc. 33. The Declaratory Judgment Act vests federal courts with power and competence to issue a declaration of rights. 28 U.S.C. § 2201. The Declaratory Judgment Act provides in relevant part that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). As the Tenth Circuit explained in *State Farm Fire & Cas. Co. v. Mhoon*:

6

>Will a declaration of rights, under the circumstances, serve to clarify
>or settle legal relations in issue? Will it terminate or afford relief
>from the uncertainty giving rise to the proceeding? If an affirmative
>answer can be had to both questions, the trial court should hear the
>case; if not, it should decline to do so.

*State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir. 1994).  As the Court explained in its order, Doc. 33, a ruling in this case will clarify a controversy between the parties. There is controversy between the parties regarding the appropriate policy limit, as Defendants are requesting from Travelers more than the $500,000 policy limit.

II.     **Defendants' request for discovery under Fed. R. Civ. P. 56(d) is not well taken**.

Defendants seek additional time for discovery to respond to the motion to summary judgment pursuant to Fed. R. Civ. P. 56(d).  Fed. R. Civ. P. 56(d) provides:

>d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>>(1) defer considering the motion or deny it;
>>(2) allow time to obtain affidavits or declarations or to take discovery; or
>>(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  A non-movant requesting additional discovery under Rule 56(d) "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (quotations omitted), *quoted in Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016).

Defendants filed both a response to the motion for summary judgment and a Rule 56(d) request.  Generally, Defendants should have filed their motion for Rule 56(d) discovery before, and not at the same time as, their response to the summary judgment motion. *See Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) ("The protection afforded by

7

Rule 56[d] is an *alternative* to a response in opposition to summary judgment under 56[c].") (emphasis in original). Defendants must demonstrate "how additional time will enable [them] to rebut movant's allegations of no genuine issue of fact." *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).  Here, however, Defendants responded to the motion for summary judgment and did not dispute the material facts. *See* Doc. 29 at 5-6.  The Court would therefore exercise its discretion and decline to consider Defendant's Rule 56(d) motion.

Alternatively, the Court would deny Defendants' Rule 56(d) request on the merits. Defendants argue that "this case involves issues that are far more complicated and involved than a mere declaration that the per occurrence limits of $500,000 is all that is available…" Doc. 29 at 11.  The Richesins assert that they may file a subsequent suit in state court asserting new claims against Travelers and its agents.  They assert that "at the heart of the coverage issues are not what Travelers ultimately sold to RNS, but what coverages were requested and sought by RNS and what coverages were actually provided by the agents and insurers."  Doc. 29 at 10. Defendants characterize these claims as "misrepresentation or negligent procurement claims." Doc. 29 at 11.  Defendants assert they are unable to respond to the motion for summary judgment for the following reasons:

   a. The parties have not conducted any written discovery in this case.
   b. The parties have not deposed Bijan Malboub, the agent, who issued the policy in question.
   c. The parties have not deposed company representatives of Travelers regarding the coverage issue.

  d.  There are significant factual issues regarding the coverage that was sought by RNS and the coverage that was sold and ultimately bound by Malhoub and Travelers.

  e.  Disposition of these factual issues is critical to the coverage issues raised by Plaintiff in their complaint and motion.

Doc. 29, Ex. B, 13(a)-(e).

When a summary judgment motion is filed, a non-movant has the burden under Rule 56(d) to show that it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

In short, Defendants have not shown how additional time would lead to discovery creating a genuine dispute of material fact, as (1) they have expressly not disputed the material facts in this summary judgment motion, and (2) they seek discovery as to potential future claims which have not been asserted in this case or any other.

As explained above, the issue in this case and in the summary judgment motion is narrow. It concerns whether the Court should declare that the February 2, 2016 accident in which Felicia Richesin was injured "is a single occurrence and the Montoya RNS Policy liability coverage limit for [that] accident is $500,000." Doc. 1 at 9.  Defendants do not dispute that the accident was a single occurrence, and that under the plain language of the policy, the $500,000 Each Occurrence Limit applies.   Doc. 29 at 5-6.

Moreover, the requested discovery does not appear to be relevant to the narrow issues in this case. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (discovery request under Rule 56(d) should be relevant to the summary judgment motion). Defendants have not cited to any authority that the Court may or should delay consideration of a

motion for summary judgment based on the possibility that the non-movant may assert other claims in a subsequent, yet to be filed state case. In their response to the Motion to Summary Judgment, Defendants did not suggest that they would seek discovery to assert additional claims in *this* case or seek discovery to determine whether they should counterclaim or seek to add additional parties in this case.[1]

Therefore, the Court will deny Defendants' request under Rule 56(d) for discovery.

## CONCLUSION

There is no genuine dispute of material fact, and summary judgment should be entered in Plaintiff's favor. The Court will enter judgment declaring that the February 2, 2016 accident in which Felicia Richesin was injured "is a single occurrence and the Montoya RNS Policy liability coverage limit for [that] accident is $500,000." Doc. 1 at 9.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Summary Judgment **(Doc. 28)** is hereby **GRANTED.**

The Court will issue a separate judgment.

                                                            _____
                                                            **KEA W. RIGGS**
                                                            **UNITED STATES DISTRICT JUDGE**

---

[1] To the extent relevant, the Court notes that counterclaims were also not asserted in any answer. The Court denied Defendants' Motion to Dismiss on June 22, 2023. **Doc. 33.** Defendants had fourteen days, or until July 6, 2023, to file an answer. *See* Fed. R. Civ. P. 12(a)(4)(" Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action…"). The parties previously filed notices of agreed extension to file a responsive pleading. *See, e.g.,* Docs. 14, 15; *See, e.g.,* D.N.M.LR-Civ. 7.4(a). No notice of agreed extension was filed after the Court ruled on the motion to dismiss.